[No. D003855. Fourth Dist., Div. One. Dec. 12, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
KATHY COLENA O'CONNOR, Defendant and Appellant.

646

Counsel

James H. Pasto and Gary Nelson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert M. Foster and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, Acting P. J.**—Kathy Colena O'Connor appeals a judgment convicting her of pandering (Pen. Code,[1] § 266i, subd. (c)). She received the lower term of three years in prison after the court stated it would have granted probation except for the mandate of section 1203.065.[2]

O'Connor developed an answering service to refer customers to prostitutes. She was arrested after police officers responded to her advertisements in local newspapers and were solicited for sex. Records seized from her residence indicated she had been pandering for approximately three years.

O'Connor contends the Legislature cannot validly deny probation to all persons convicted of violating section 266i, nor impose a mandatory three-year minimum sentence for a nonaggravated, nonviolent pandering offense. These punishments, she argues, are cruel and unusual.

I

■ O'Connor cites no authority suggesting the Legislature cannot validly deny probation to all persons convicted of violating section 266i. She only speculates section 266i was inadvertently included in section 1203.065, subdivision (a). Although section 1203.065 specifically refers to section 266i, O'Connor argues section 266i was accidentally included in section 1203.065 during the "hectic last days of the [1983] legislative session."

The Legislature has clearly stated probation shall not be granted to any person convicted of violating section 266i. "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislalative history." (*People* v. *Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1].)

II

O'Connor next argues the punishment for violating section 266i is cruel and unusual.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Section 1203.065, subdivision (a) provides: "Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person convicted of violating subdivision (2) of Section 261, or Section 264.1, or Section 266h, or Section 266i, or Section 266j, or 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace or threat of great bodily harm or subdivision (c) of Section 311.4."

In accord with the doctrine of separation of powers, a court cannot lightly encroach upon matters within the domain of the Legislature. (*People v. Wingo* (1975) 14 Cal.3d 169, 174 [121 Cal.Rptr. 97, 534 P.2d 1001].) When reviewing legislation alleged to impose cruel and unusual punishment, the court must uphold statutes " 'unless their unconstitutionality clearly, positively, and unmistakably appears.' " (*Ibid.*)

Where reasonable men might differ over a penalty, the courts ". . . must defer to the Legislature, for it has the 'broadest discretion possible . . . in specifying punishment for the crime.' " (*In re Foss* (1974) 10 Cal.3d 910, 937 [112 Cal.Rptr. 649, 519 P.2d 1073] quoting *In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921].) Fitting a penalty to a crime is not an exact science; it involves appraising the evil to be corrected, weighing alternatives, considering policy and responding to the public will. Leeway is permissible. (*In re Lynch, supra,* 8 Cal.3d at p. 423.) The test is whether the punishment is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*Id.* at p. 424.)

The California Supreme Court in *Lynch* adopted a three-part analysis to determine whether a penalty is cruel or unusual: (1) evaluation of the dangerousness of the offense and the offender to society (*id.* at p. 425); (2) comparison of "the challenged penalty with the punishments prescribed in the *same jurisdiction* for *different offenses* which, by the same test, must be deemed more serious" (*id.* at p. 426, italics in original); and (3) comparison of the challenged penalty with the punishments prescribed for the same offense in other jurisdictions having an identical or similar constitutional provision (*id.* at p. 427).

Although O'Connor argues pandering is not a serious crime, the opinion of the Legislature is to the contrary. The panderer commonly preys on very young women. Many in this group have experienced difficulties in the home, in school, or on the job, or have become dependent on drugs, making them particularly vulnerable to the panderer's promises of easy money. (Jennings, *The Victim as Criminal: A Consideration of California's Prostitution Law* (1976) 64 Cal.L.Rev. 1235, 1252.) Even if the prostitute escapes drug addiction, once she has an arrest record it becomes more difficult to escape in view of the problems persons with arrest records have in finding legitimate employment, thus inhibiting rehabilitation. (*Id.* at p. 1247.) Thus, it is legislatively reasonable to make prostitution a misdemeanor (§ 647), but impose a more serious penalty for one who through force, promises or threats encourages another to be a prostitute.

O'Connor says pandering is similar to soliciting lewd conduct, punishment for which offense may not include the requirement of registration as a sex

offender. (*In re Reed* (1983) 33 Cal.3d 914 [191 Cal.Rptr. 658, 663 P.2d 216].) However, whether this court agrees or disagrees with the legislative choice here, the Legislature was not irrational or arbitrary in determining pandering was so dangerous to society as to justify a three-year minimum penalty to deter its practice.

Turning to the second prong of the *Lynch* test, a comparison of the penalty for pandering with the penalty imposed in this state for other crimes leads to the same conclusion. In *People* v. *Madden* (1979) 98 Cal.App.3d 249 [159 Cal.Rptr. 381], the court upheld a minimum three-year prison sentence for selling or offering more than one-half ounce of heroin. A defendant was ineligible for probation (§ 1203.07), even though she was a heavy heroin user and was only selling the drug to support her own heroin habit. (*Id.* at p. 254.) As the court noted, "[T]he crime . . . does not involve direct violence to another person." (*Id.* at p. 255.) However, the court upheld the constitutionality of the prohibition against the granting of probation under *Lynch.*

In *People* v. *Main* (1984) 152 Cal.App.3d 686 [199 Cal.Rptr. 683], an 18-year-old was convicted of robbery with a firearm. He was ineligible for probation (§ 1203.06) and sentenced to a three-year state prison term. The appellate court, using the *Lynch* test, upheld the mandatory sentence despite the fact that the defendant was young and unsophisticated, had no prior criminal record, the gun was inoperable and not loaded, and there were other mitigating circumstances.

Thus, three-year mandatory state prison sentences have been approved for selling heroin and for using an inoperable firearm during a robbery—crimes arguably comparable to pandering. The penalty for pandering satisfies the second prong of the *Lynch* test.

The third element of the *Lynch* test is to compare the punishments for the same crime in other states with the punishment imposed in California. The Commonwealth of Massachusetts also imposes a mandatory two-year minimum sentence for an individual convicted of pandering. (Mass. Gen. Laws Ann., ch. 272, § 7 (West 1986).) The maximum punishment in California for the crime is eight years. Numerous other states have greater maximum terms. For example, for the equivalent crime, Delaware has a maximum sentence of 10 years (Del. Code Ann., tit. 11, §§ 1352, 4205 (1984)) while Michigan has a 20-year maximum (Mich. Comp. Laws Ann., § 750.455 (West 1986)).

California's punishment for this crime is not the most severe in the nation and its three-year minimum sentence is not cruel or unusual.

The judgment is affirmed.

Butler, J., and Lewis, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 1987. Anderson, J.,* participated therein. Broussard, J. was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.